IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRYAN BOOKER,                        )
                                     )
                Plaintiff,           )
                                     )
        v.                           )      1:08CV0011
                                     )
JOHN E. POTTER, Postmaster           )
General, USPS; and DARLA HATCHER,[1] )
                                     )
                Defendants.          )

**MEMORANDUM OPINION AND RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff, pro se, filed the instant action in this Court on January 3, 2008, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and 42 U.S.C. § 1981. Defendant Potter asserts that Plaintiff's claims are time-barred and moves the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, to grant summary judgment pursuant to Fed. R. Civ. P. 56.

Plaintiff's underlying allegations stem from his removal from the USPS, where he served as a letter carrier until his termination on October 27, 2006. Plaintiff challenged his removal in an appeal to the Merit System Protection Board ("MSPB"), which issued an Initial Decision on February 5, 2007 affirming the agency's action.

---

[1]This Court previously dismissed Darla Hatcher as a defendant. Thus, John E. Potter ("Potter"), in his position as Postmaster of the United States Postal Service ("USPS"), is the sole defendant to this action.

A subsequent petition for review with the MSPB, filed March 9, 2007, was denied by the board in a Final Order issued June 26, 2007.

Attorney Wayne Patterson ("Patterson") represented Plaintiff before the MSPB. On April 10, 2007, Patterson also filed two additional documents on Plaintiff's behalf. The first was an appeal to the National Labor Relations Board ("NLRB"), and the second was a Notice of Petition to the Equal Employment Opportunity Commission ("EEOC"). Patterson ultimately received an unfavorable decision from the EEOC on August 30, 2007, and on September 17, 2007, he filed a request for reconsideration on Plaintiff's behalf with the EEOC's Office of Federal Operations.

On November 2, 2007, when Patterson had not heard from the EEOC for a number of weeks, he submitted an inquiry correspondence regarding the status of Plaintiff's request. Tonya Odom, Acting Director of the Compliance and Control Division of the EEOC, responded to Patterson via e-mail on December 5, 2007. Ms. Odom's message included the attachment of a letter, dated October 22, 2007, regarding the EEOC's denial of Plaintiff's request for reconsideration. Patterson immediately forwarded the e-mail, including the attached letter, to Plaintiff, who subsequently filed the instant lawsuit on January 3, 2008.

## **Legal Standard**

Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may

-2-

be granted. The Fourth Circuit recently clarified the standard for such review in Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), where it stated:

> [W]e "take the facts in the light most favorable to the plaintiff," but "we need not accept the legal conclusions drawn from the facts," and "we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir.2000); see also Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003). Additionally, the complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (emphasis added).

Statute of limitations defenses are properly raised by a motion for failure to state a claim "if the time bar is apparent on the face of the complaint." Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 473 (4th Cir. 2005).

Defendant's alternative motion for summary judgment utilizes a similar standard. Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As with a motion to dismiss, the Court must view the evidence in a light most favorable to the non-moving party. Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir. 1990). In order to oppose a properly supported motion for summary judgment, a party may not rest on conclusory statements. Rather,

-3-

it must provide specific facts, particularly when that party has the burden of proof on an issue. Id. The Court scrutinizes the proffered proof, in the form of admissible evidence, to determine whether a party has met its burden of proof. Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993). A mere scintilla of evidence will not suffice. Rather, there must be enough evidence for a jury to render a verdict in favor of the party making a claim. Sibley v. Lutheran Hosp. of Maryland, Inc., 871 F.2d 479 (4th Cir. 1989). Such a verdict is proper where a defendant shows, under the proof scheme described above, that the plaintiff's claims are barred by the relevant statute of limitations. See, e.g., U.S. ex rel. Sanders v. North American Bus Industries, 546 F.3d 288 (4th Cir. 2008).

**Discussion**

In the present case, the parties agree that, to comply with the applicable statute of limitations, Plaintiff was required to file a civil action in an appropriate United States District Court within thirty days of receiving a final decision by the EEOC. It is also undisputed that Plaintiff filed his Complaint in this Court on January 3, 2008. The sole issue is whether Plaintiff's request for reconsideration of the EEOC's decision and his belated receipt of the letter denying reconsideration served to toll his thirty-day period until December 5, 2008. For the reasons set out below, the Court finds that Plaintiff's request did not extend his filing time and that his claims were untimely filed.

-4-

The judicial appeals process for actions involving discrimination is governed by 5 U.S.C. § 7702. Notably, when an employee receives a final decision of a mixed case appeal[2], he has 30 days to file for review in federal district court if his decision consists of one of the following six categories:

> (1) the decision of the agency which took the adverse employment action, after its review of the action, if no appeal is filed with the Board. Section 7702(a)(2).
>
> (2) the decision of the Board, if no review with the EEOC is sought. Section 7702(a)(3)(A).
>
> If review of a Board decision by the EEOC is sought, there are four additional situations which present judicially reviewable actions, depending on what course the EEOC and the Board take:
>
> (3) If the EEOC refuses to review the Board decision, the refusal is a judicially reviewable action. Section 7702(a)(3)(B).
>
> (4) If the EEOC reviews the Board decision and concurs in its conclusion, the EEOC decision is a judicially reviewable action. Section 7702(b)(5)(A).
>
> (5) If the EEOC reviews the Board decision and disagrees, the case is remanded to the Board. If upon remand the Board adopts the EEOC's position, that Board decision is a judicially reviewable action. Section 7702(c).
>
> (6) If after EEOC review and Board reconsideration the Board does not agree with the EEOC, the case is sent to a special panel to resolve the conflict between the agencies. Section 7702(d)(1). The decision of the special panel is a judicially reviewable action. Section 7702(d)(2)(A).

---

[2]The terms "mixed case appeals" and "mixed case complaints," as used by the EEOC, refer to cases, such as this one, in which a plaintiff brings claims of both discrimination and adverse employment action.

Ballard v. Tennessee Valley Authority, 768 F.2d 756, 759 n.8 (6th Cir. 1975). In the instant case, the latest date on which Plaintiff's claims became final, and therefore judicially reviewable, under the above system was August 30, 2007, when Plaintiff received notice of the EEOC's concurrence with the MSPB's decision. Thus, to find that Plaintiff timely filed, the Court must determine that a request for reconsideration of the EEOC's decision somehow served to defeat that decision's finality and toll the thirty-day period.

Unfortunately for Plaintiff, the language used by the EEOC in (1) its revised statute, (2) its August 30, 2007 decision, and (3) its letter denying reconsideration all strongly indicate that the EEOC's initial decision in Plaintiff's case must be considered the final decision by the Commission. In other words, Plaintiff had no right to reconsideration, and his request for it did nothing to toll his statute of limitations. This approach reflects a shift in the EEOC's pre-1999 stance regarding the availability of reconsideration for mixed case appeals and complaints. Prior to 1999, a plaintiff could postpone the finality of the Commission's decision simply by requesting reconsideration. In contrast, the current version of the applicable statute, 29 C.F.R. § 1614.405(b), eliminates all language regarding requests for reconsideration, and

instead creates an exception to finality only where the agency actually reconsiders a case.³  The EEOC justified the change by explaining that:

> [r]econsideration is an extra layer of review that is duplicative and time-consuming but that does little to improve the complaints process. . . . Many requests are simply a reargument of previously unsuccessful positions. They are sometimes used only to delay the finality of an adverse decision. The overwhelming majority of requests are denied. For example, in fiscal year 1997, requests for reconsideration resulting in a reversal of an order on the merits occurred in only seven instances or about 4% of the cases. . . . [T]he Commission believes the principal remedy is to seek to improve the quality, timeliness and consistency of the decision-making process as a whole. This is best accomplished by shifting resources to the appeal stage.

Federal Sector Equal Employment Opportunity, 63 Fed. Reg. 8594, 8601-02 (Feb. 20, 1998).

Accordingly, the EEOC's decision in Plaintiff's case, issued on August 30, 2007, leaves no question as to its finality. It informs Plaintiff as follows:

> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision.

---

³Unfortunately, the EEOC's definition of finality, as set out in its own October 22, 2007 letter denying reconsideration, is extremely perplexing. In consecutive sentences, the agency contends (1) that "MSPB mixed case appeals and mixed case complaints do not constitute final agency decisions, and (2) that the August 30, 2007 decision in Plaintiff's case, a mixed case appeal, is "the Commission's final decision." However, as the Court elaborates below, this poor explanation ultimately has no bearing on the outcome of Defendant's motion. As used in this recommendation, finality simply refers to a point at which a plaintiff has no further recourse within the agency.

-7-

(Docket No. 14, Ex. 2.) Despite these clear instructions, neither Plaintiff nor his counsel filed a civil action within thirty (30) calendar days of receipt of the decision. Instead, Patterson wrote a letter to the EEOC, dated September 17, 2007, seeking reconsideration of the August 30th decision. Whether Plaintiff received the agency's October 22, 2007 denial of this request in a timely manner, or as late as December 5, 2007, is inapposite to the outcome of Defendant's motion. Because the request itself did nothing to extend Plaintiff's filing period, his time to file expired prior to either of these dates.[4]

**IT IS THEREFORE RECOMMENDED** that Defendant's alternative motion for summary judgment (docket no. 6) be granted,[5] and that this action be dismissed.

                                      /s/ Donald P. Dietrich
                                      **Donald P. Dietrich**
                                        **United States Magistrate Judge**

April 15, 2009

---

[4]Specifically, Plaintiff's timely filing period expired on Monday, October 1, 2007, because the actual 30th day fell on a Saturday. Thus, Plaintiff was already three weeks out of time when the EEOC issued its denial letter.

[5]As the Court's decision is made on the evidence as a whole, rather than on the face of the complaint, summary judgment, and not dismissal under Rule 12(b)(6), is appropriate in this case.